RACHEL GAYLORD, PHILEMON GAYLORD, JOSEPH GAY-
LORD, DAVID GAYLORD, CHARLES F. DICKINSON,
GEORGE GRAHAM, AND ELIZABETH GRAHAM *against*
THOMAS COUCH.

*The report of a committee on a bill in chancery, when accepted, becomes part of the record; and if it be omitted in a writ of error, counting upon such record, the omission will be fatal.*

THIS was a writ of error to reverse a decree of the superior court on a bill in chancery, wherein the defendant in error was complainant, and the plaintiffs in error were respondents. The writ counted upon the record of the superior court in this manner: " The record of which petition, process, decree and final judgment is in the words and figures following, viz." Then followed the petition and citation, the service and decree of the court. From the decree it appeared, that during the pendency of the suit, the court appointed a committee to find the facts in controversy, and report the same; and that such committee did make their report accordingly. This report was not recited in the decree, but was referred to thus : " As by the report of said committee on file doth appear." The decree proceeded thus : " And whereas it doth appear to this court by the report of said committee, that, &c. [stating certain facts,] it is, therefore, ordered and decreed," &c. The report was not otherwise recited, stated, or referred to, in the writ of error. The assignment of errors and conclusion were in the usual form.

The defendant in error pleaded, that there was not any such record as in the writ of error was mentioned remaining in the superior court; on which issue was joined.

It was admitted by the parties, that the writ of error contained a complete transcript of the record, except that the report of the committee was omitted; and the question was, whether this omission was fatal to the writ of error.

3

June, 1810.

GAYLORD
v.
COUCH.

*N. B. Benedict*, for the plaintiffs in error. The report of the committee on a bill in chancery, is of itself no part of the record. It is the province of a court of chancery to find the facts; and they may make the inquiry either by themselves or by a committee. When they adopt the latter method, the report of the committee is not conclusive; it is merely evidence upon which the court find the facts; they may adopt it in part, or reject the whole, as they think proper. The report of the committee is nugatory as to all the facts contained in it which are not afterwards adopted by the court. In this case the decree selects such facts as are found by the court; and these are all that belong to the record.

*Gould*, for the defendant in error. The finding of facts by a committee in chancery, is analogous to a special verdict at law, and when accepted has precisely the same effect. This report has been accepted. The strict theory is, that courts of law try issues of fact, and find the facts, *by a jury ;* just as they try an issue of *nul tiel record*, by the record. So courts of chancery find the facts in issue *by a committee :* and the report of a committee in one case is as much a part of the record as is the verdict of a jury in the other. Neither a report, nor a verdict, is effective until accepted; both may be set aside; but *non sequitur* that when accepted they do not constitute a part of the record.

Our writ of error is an original writ. The record of the court below is counted upon as a deed is in an action of covenant or debt; and the record is not brought up as in *England*. When a material part is omitted, it does not support the allegations in the writ.

*Benedict*, in reply, observed, that there is a manifest distinction between a special verdict at law and the report of a committee in chancery; for in the former case, the court can only accept, or set aside for legal cause;

June, 1810. they cannot adopt a part of the facts found, and reject the
———             rest.
**ALLEN**
v.
**GLEASON.**      *By the court*, unanimously.   There is no such record
              as in the writ of error is mentioned.

                        Judgment for the defendant in error.